■ MURIEL S. REISS, Respondent, v. JACK A. REISS, Appellant.— In an action for divorce, defendant husband appeals, as limited by his brief and his motion which resulted in an order of this court dated May 12, 1971, from so much of an order of the Supreme Court, Nassau County, entered September 21, 1970, as, on reargument of plaintiff's prior motion for temporary alimony, etc., adhered to the original decision in part. Order modified by adding the following to the provision adhering to the original decision: " and except that the direction that defendant pay plaintiff $100 per week *pendente lite* for support of plaintiff and the parties' infant child is reduced to $75 per week, as of the original effective date, July 17, 1970 ". As so modified, order affirmed insofar as appealed from, without costs. In our opinion, upon the uncontested facts as to the financial circumstances of the parties, the award of $100 per week was not warranted, but an award of $75 a week *pendente lite* under the circumstances presented is appropriate. We are also of the opinion that the papers do not establish that the other provisions of the order, insofar as appealed from, should be disturbed. An immediate trial of the issue should be had (*Lebovics* v. *Lebovics*, 34 A D 2d 783, 784). Rabin, P. J., Hopkins, Christ, Brennan and Benjamin, JJ., concur.

■ JOHN W. RUTHERFORD, Respondent, v. GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant.— In a proceeding to stay arbitration sought by respondent, the appeal is from an order of the Supreme Court, Kings County, dated November 2, 1970, which denied the application. Order reversed, on the law, without costs, and proceeding remitted to the Special Term for a hearing and a new determination. The questions of fact have not been considered. We are of the opinion that a triable issue of fact is presented on the question of whether a hit and run accident occurred within the meaning of section 617 of the Insurance Law (cf. *MVAIC* v. *Eisenberg*, 18 N Y 2d 1; *Matter of Braddy* [*Continental Ins. Co.*], 29 A D 2d 523). Rabin, P. J., Hopkins, Christ, Brennan and Benjamin, JJ., concur.

■ RONALD SHAW et al., Appellants, v. CITY OF NEW YORK, Respondent. — Order of the Supreme Court, Kings County, dated May 22, 1970 and made on reargument, affirmed insofar as appealed from. No opinion. Appeal from order of the same court dated January 13, 1970 dismissed. This order was superseded by the order dated May 22, 1970, which granted reargument. Respondent is awarded one bill of $10 costs and disbursements to cover both appeals. Hopkins, Acting P. J., Munder, Latham, Christ and Brennan, JJ., concur.

■ SYLVIA SHEFRIN, Appellant, v. NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County, dated October 30, 1969, as, on reconsideration, adhered to the original decision denying her application for a general preference. Order reversed, with $10 costs and disbursements against defendant the New York City Transit Authority, and general trial preference granted. In our opinion the papers submitted warrant retention of the case in the Supreme Court. Hopkins, Acting P. J., Munder, Latham, Christ and Brennan, JJ., concur.